OF THE

## STATE OF NEW JERSEY,

## ON APPEAL FROM THE COURT OF CHANCERY,

### MARCH TERM, 1893.

———————

EVIN M. ADAMS, executor, et al., appellants,

*v.*

REBECCA ADAMS, respondent.

If a decree be entered against a person who is not a party, he has a right to have it reversed, as to him, on appeal.

———

On appeal from a decree of May 3d, 1892, advised by Vice-Chancellor Bird, in *Adams v. Adams.*

*Mr. David J. Pancoast,* for the appellant.

*Mr. William E. Potter,* for the respondent.

[751]

Adams v. Adams.

The opinion of the court was delivered by

BEASLEY, C. J.

This court is of opinion that the decree appealed from cannot stand so far as relates to Richard Risley, one of the appellants.

This suit originated in a bill for the construction of a will. In that procedure there were certain infant defendants, for whom the clerk of the court of chancery was appointed guardian *ad litem*. Thus conditioned, the suit proceeded to a decree, to an appeal, and the record having been remitted, to a reference to a master and to a final decree. In this final decree this defendant is included, it being therein declared that as guardian of the infant defendants there were certain sums of money in his hands which he was ordered to pay over for the benefit of the complainant.

It is obvious that such a decree is fundamentally illegal. This defendant was in no sense a party to the record; he was not subponæd, nor was his name mentioned in the pleadings, nor did he appear in the progress of the cause; indeed, it was not shown that he even knew of the pendency of the litigation. It is true that such a decree as to him is a nullity, but it is a nullity in the form of a judgment entered of record against him, and it is his right to have it expunged. The rule of law upon the subject is entirely settled.

Therefore, the decree embraced in this appeal, so far as it touches this defendant, must be reversed; in all other respects it must be affirmed.

*For reversal*—THE CHIEF-JUSTICE, DEPUE, DIXON, GARRISON, MAGIE, REED, ABBETT, VAN SYCKEL, LIPPINCOTT, BOGERT, BROWN, CLEMENT, SMITH—13.

*For affirmance*—None.